

FORWARDED BY THE CITY CLERK TO THE

AUG 8 2014

LAW DEPARTMENT

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                  SUFFOLK SUPERIOR COURT
                                              C.A. NO.:

                                              14-2040 D

SHONGI FERNANDES           )
                           )
    Plaintiff.             )
                           )
v.                         )
                           )
CITY OF BOSTON; SGT. DAVID GAVIN, )
Individually, and in his official capacity as an )
Employee, Agent, and/or Officer of the BOSTON )
POLICE DEPARTMENT; )
                           )
    Defendants.            )

RECEIVED
JUN 25 2014
SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

2014 AUG -8 PM 3:02
CITY OF BOSTON
LAW DEPARTMENT

RECEIVED
CITY CLERK'S OFFICE
2014 AUG -8 A 11:59
BOSTON, MA

## COMPLAINT

### I.   INTRODUCTION

1.  a.  This is an action for money damages brought by the Plaintiff, pursuant to 42 U.S.C. § 1983, 1985 and 1988, the Fourth (and Fourteenth) Amendment(s) to the United States Constitution and the common law of the Commonwealth of Massachusetts against Sgt. David Gavin individually, and in his official capacity for his tortious acts of excessive force.

    b.  This is an action also brought by the Plaintiff, against the City of Boston, pursuant to the Massachusetts Torts Claims Act, for damages proximately resulting from the negligent actions of one of its employees, Sgt. David Gavin.

### II.   PARTIES

1.  The Plaintiff, Shongi Fernandes, is a citizen of the United States and a resident of the Commonwealth of Massachusetts.

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUFFOLK SUPERIOR COURT
C.A. NO.:

---

SHONGI FERNANDES )
)
Plaintiff. )
)
v. )
)
CITY OF BOSTON; SGT. DAVID GAVIN, )
Individually, and in his official capacity as an )
Employee, Agent, and/or Officer of the BOSTON )
POLICE DEPARTMENT; )
)
Defendants. )

---

## COMPLAINT

### I. INTRODUCTION

1.  a. This is an action for money damages brought by the Plaintiff, pursuant to 42 U.S.C. § 1983, 1985 and 1988, the Fourth (and Fourteenth) Amendment(s) to the United States Constitution and the common law of the Commonwealth of Massachusetts against Sgt. David Gavin individually, and in his official capacity for his tortious acts of excessive force.

    b. This is an action also brought by the Plaintiff, against the City of Boston, pursuant to the Massachusetts Torts Claims Act, for damages proximately resulting from the negligent actions of one of its employees, Sgt. David Gavin.

### II. PARTIES

1. The Plaintiff, Shongi Fernandes, is a citizen of the United States and a resident of the Commonwealth of Massachusetts.

2. The Defendant, City of Boston is a municipal corporation created under the laws of the Commonwealth of Massachusetts and at all times relevant hereto is responsible for and maintains the Boston Police Department. The Defendant, City of Boston also employed the Defendant Sgt. David Gavin.

3. The Defendant, Sgt. David Gavin, at all times relevant hereto, is a resident of the Commonwealth of Massachusetts, and a duly appointed officer of the Boston Police Department, acting under color of statutes, customs, ordinances and practices of the Commonwealth of Massachusetts, the City of Boston, and the Boston Police Department. He is named individually and in his official capacity.

## III. JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth and Fourteenth amendments to the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343.

5. The Plaintiff further invokes supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367 and the pendent jurisdiction of this court to hear and decide claims arising under state law.

6. All parties are residents of Massachusetts. The municipal Defendant is located in Massachusetts.

## IV. FACTUAL ALLEGATIONS

7. A presentment of the claims was made to the City of Boston, pursuant to M.G.L. c 258 § 4, via a letter sent by first class and certified mail, return receipt requested, dated

February 15, 2013, to The Honorable Thomas Menino, Mayor, Chief Ed Davis of the Boston Police Department, as Defendant Sgt. Gavin is under their command.

8. In the early morning hours of December 7, 2012, the Plaintiff was in a vehicle which was pulled over by the members of the Boston Police and/or Massachusetts State Police.

9. The vehicle in which Plaintiff was operating had not engaged in any motor-vehicle infraction prior to the stop.

10. After the stop of the motor vehicle, the officers ordered its occupants, including the Plaintiff out of the vehicle at gun-point.

11. The officers had no factual basis to believe that any of the occupants were armed with a weapon.

12. The officers who pulled over Mr. Shongi Fernandes did not wait for the Plaintiff to remove himself, but chose to physically remove the Plaintiff from the vehicle.

13. Upon the Plaintiff's removal, he was assaulted and battered by the officers, including Defendant Sgt. Gavin, causing the Plaintiff to sustain injury to his face.

14. After the attack, the Plaintiff was not arrested for any crime, nor was he charged with engaging in any criminal activity.

15. The Plaintiff was searched and was not found to be in possession of any weapon that could harm the officers.

16. The vehicle in which Plaintiff was a passenger was searched and no weapon was found inside.

17. At the time of the motor vehicle stop, the officers involved in the stop thought that the occupants may have had a firearm inside the vehicle.

18. There was no factual basis to support the belief stated in paragraph 17.

19. There was another vehicle stopped approximately 100 yards down the road from the Plaintiff's vehicle, where a firearm was recovered ("vehicle #2").

20. Some or all of the occupants in vehicle #2 were of Cape Verdean descent.

21. The Plaintiff is also of Cape Verdean descent.

22. The officers, including Defendant Gavin, assumed that since the occupants in vehicle #2 were in possession of a firearm, that Plaintiff may also have a firearm, without any factual basis other than the Plaintiff, and/or its occupants were of Cape Verdean descent.

23. The officers of the Boston Police and Massachusetts State Police who were involved with the motor vehicle stop of the Plaintiff (including Defendant Sgt. Gavin) profiled him, believing that he was affiliated with gang activity, by virtue of his heritage.

24. The officers of the Boston Police and Massachusetts State Police who were involved with the motor vehicle stop of the Plaintiff (including Defendant Sgt. Gavin) profiled him, believing that he was affiliated with the occupants in vehicle #2, by virtue of his heritage.

25. The officers of the Boston Police and Massachusetts State Police who were involved with the motor vehicle stop of the Plaintiff (including Defendant Sgt. Gavin) had no factual basis to believe that the Plaintiff was armed with a firearm that night.

## V. CAUSES OF ACTIONS

### COUNT I: EXCESSIVE FORCE DURING MOTOR VEHICLE STOP
(against Sgt. David Gavin)

26. The Plaintiffs' repeats and incorporates the allegations of paragraphs 1 through 24.

27. The Defendant, Sgt. Gavin, violated the Plaintiff's Fourth Amendment rights by using excessive force, when during the course of a motor vehicle stop, he attacked the Plaintiff, causing him severe injury.

28. The excessive force that was used by Defendant, Sgt. Gavin against Plaintiff, during the arrest of Plaintiff was unreasonable and not tailored towards effectuating the safety of the officers, or taking of Plaintiff into custody.

29. At no time during the motor vehicle stop, did the Plaintiff engage in any action which posed a threat to the safety of Defendant Sgt. Gavin.

30. At all times relevant to this complaint, the Plaintiff had a Fourth Amendment right not to be subjected to the use of excessive force by Defendant Sgt. Gavin.

31. At all times relevant to this complaint, the Defendant Sgt. Gavin, while acting under color of state law, used unreasonable and excessive force as described above.

32. As the direct and proximate result of the intentional use of excessive force by Defendant Sgt. Gavin, the Plaintiff was deprived of his constitutional and statutory rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983, suffered serious and debilitating personal injuries and damages, experienced emotional distress and mental suffering, and has incurred other damage.

## COUNT II: ASSAULT AND BATTERY
### (against Sgt. Gavin)

33. The Plaintiff repeats and incorporates the allegations of paragraphs 1 through 31.

34. The actions of Defendant Sgt. Gavin constitute the tort of assault and battery under the laws of the Commonwealth.

35. As the direct and proximate result of the intention acts of Defendant Sgt. Gavin, the Plaintiff suffered serious and debilitating personal injuries and damages, experienced emotional distress and mental suffering, and has incurred other damage.

## COUNT IV: VIOLATIONS OF M.G.L. c 12 §11I
### (against Sgt. Gavin)

36. The Plaintiff repeats and incorporates herein the allegations of paragraph 1 through 34.

37. The Defendant, Sgt. Gavin, based upon the aforementioned allegations, violated the Plaintiffs' rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and under Article One, Ten, and Fourteen of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts.

38. The above actions of Sgt. Gavin was taken by means of threats, intimidation and coercion.

39. By his actions described herein, the Defendant violated the Plaintiff's rights as protected by G.L. c. 12 §11I, causing him injury.

40. The Defendant acted with malice or with reckless disregard for whether the Plaintiff's rights would be violated by their actions, causing him injury.

## COUNT V: MASSACHUSETTS TORTS CLAIMS ACT M.G.L. c. 258 §4
### (against City of Boston)

41. The Plaintiff repeats and incorporates herein the allegations of paragraph 1 through 39.

42. The City of Boston, as of December 7, 2012 was a duly established municipality under the laws of the Commonwealth, is located within the County of Suffolk, and is a public employer within the meaning of the Massachusetts Tort Claims Act, Massachusetts General Laws Chapter 258.

43. Jurisdiction over this action is conferred by Massachusetts General Laws Chapter 258, as amended by Statutes of 1978 Chapter 512 Section 15.

44. The Plaintiff has complied with all conditions precedent under M.G.L. Chapter 258, and did, pursuant to Chapter 258 Section 4, present his claim in writing to Mayor Thomas

6

Menino of the City of Boston (who is the chief executive officer of the City of Boston) by mailing it to the same, by certified mail, return receipt requested, a notice of claim setting forth the name and address of the Plaintiff, the nature of the claim, the time, when, the place where, and the manner in which the claim arose, and the items of damage or injuries claimed to have been sustained as far as then practicable.

45. The Defendant, City of Boston therefore admits that Plaintiff's presentment letter, attached hereto as Exhibit A, has complied with all conditions precedents under the Massachusetts Tort Claims act, and lodges no objection to the presentment letter, grounded in some defect of procedure or notice.

46. At the time of the incident alleged above (excessive force and/or assault and battery against the Plaintiff), Defendant Sgt. Gavin was acting within the scope of his employment as an employee of the City of Boston.

47. The Plaintiff states that the Defendant City of Boston, was negligent by virtue of the actions of itself, its agents, as described above, said negligence causing the Plaintiff to sustain severe injuries and was prevented from engaging in his life activities, suffered great pain of body and mind.

48. The City of Boston owed a duty to exercise reasonable care, by its subdivision, the Boston Police Department in the hiring, training and supervising of officers including Defendant Sgt. Gavin.

49. The City of Boston by its subdivision the Boston Police Department hired, trained, supervised and assigned Sgt. Gavin as a member of the Boston Police Department with such recklessness, gross negligence, and ordinary negligence as to render the City of Boston liable for all proximately caused damages to the Plaintiff under M.G.L. c. 258.

50. Demand was made upon the appropriate chief executive officers of Defendant City of Boston pursuant to G.L. c. 258, which demand has not been met by a reasonable offer of settlement.

## DAMAGES

WHEREFORE the Plaintiff, pray this Honorable Court:

1. Award compensatory damages against the defendants jointly and severally;

2. Award punitive damages against Defendant Sgt. Gavin.

3. Award the Plaintiff's compensation for his pain and suffering, emotional distress, land other expenses, in the amount determined by trial;

4. Award the Plaintiff the cost of this action, including reasonable attorney fees in accordance with the law, including but not limited to 42 U.S.C. §1983 and M.G.L. c. 12 §11I;

5. Award the Plaintiff such additional relief as may be appropriate under the special circumstances of the case.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury on all counts of this complaint.

Respectfully submitted,
SHONGI FERNANDES
By his Attorney,

Gordon W. Spencer, Esq.
B.B.O. # 630488
945 Concord Street
Framingham, MA 01701
(508) 231-4822

Dated: June 25, 2014

8

**GORDON W. SPENCER**
*Attorney at Law*
945 Concord Street
Framingham, MA 01701

Tel (508) 231-4822
Fax (508) 231-4824
attyspencer@aol.com

August 6, 2014

**VIA FIRST CLASS MAIL**

Maureen Feeney, City Clerk
City of Boston
Boston City Hall, Room 601
Boston, MA 02201

    RE:    SHONGI FERNANDES v. CITY OF BOSTON, et. al.

Dear Sir or Madam:

    Enclosed are a Complaint and Summons in connection with the above mentioned matter. If there any questions or concerns, don't hesitate to call our office.

Very truly yours,

Daniel Tompkins
Administrative Assistant

Enc.

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION



No. _____

_Shongi Fernandes_, Plaintiff(s)

v.

_City of Boston, et.al_, Defendant(s)

## SUMMONS

To the above-named Defendant: _City of Boston_

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

You are hereby summoned and required to serve upon _Gordon W. Spencer Esquire_ plaintiff's attorney, whose address is _945 Concord St. Framingham, MA 01701_, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the ___6th___ day of ___August___, in the year of our Lord two thousand ___Fourteen___.

_Michael Joseph Donovan_
Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 20M-10/11