# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARIA MILCENT,<br><br>       Plaintiff,<br><br>v.<br><br>CITY OF BOSTON; SGT. DAVID GAVIN, individually and in his official capacity as an employee, agent, and/or officer of the BOSTON POLICE DEPARTMENT,<br><br>       Defendants. | Civil Action No. 14-cv-13347-GAO |

02/29/2016.   Judge George A. OToole, Jr: ELECTRONIC ORDER entered. There are no objections to the Report and Recommendation filed by the magistrate judge. After reviewing the relevant papers, I ADOPT the R&R 63 in its entirety. The City of Boston's Motion to Dismiss 27 is GRANTED, and the City is dismissed from the case.  (Entered: 03/02/2016)

## REPORT AND RECOMMENDATION ON DEFENDANT
## CITY OF BOSTON'S MOTION TO DISMISS (Dkt. No. 27)

February 12, 2016

CABELL, U.S.M.J.

Boston Police Department (BPD) officers conducting a car stop allegedly assaulted one of the occupants, a man named Shongi Fernandes (Fernandes).  Fernandes brought suit but then passed away, and Maria Milcent was substituted as plaintiff as the representative of his estate.  The complaint alleges three causes of action against BPD Sergeant David Gavin for assault and battery and violation of the pertinent state and federal civil rights statutes, and one claim against the city of Boston (the City).  The City now moves to dismiss that one count, a negligence claim brought pursuant to the Massachusetts Tort Claims Act, M.G.L. c. 258 § 1, *et seq.*. (Dkt. No. 27).  The plaintiff opposes the motion.  (Dkt. No. 31).  For the reasons stated below, the Court recommends

that the motion to dismiss be allowed.

## I.      RELEVANT FACTS AND BACKGROUND

The facts taken in a light most favorable to the plaintiff are as follows.  On December 7, 2012, BPD officers pulled over a vehicle in which Fernandes was an occupant.  Officers also pulled over a second vehicle at about the same time.  Fernandes and the occupants of the second vehicle were Cape Verdean.  A firearm was found in the second vehicle and the officers, assuming the two groups were affiliated, ordered Fernandes out of the car.  Sgt. Gavin and other officers then forcibly removed Fernandes before he could exit on his own and assaulted him, causing injury to his face. A search of the car yielded no weapons.  Fernandes was not arrested or charged with any crime.

On February 15, 2013, the plaintiff's counsel made a presentment of claims to the city of Boston.  On June 25, 2014, the plaintiff initiated an action in the state superior court.  On August 14, 2014, the City removed the complaint to federal court.  As noted, the complaint advances one claim of negligence against the City (Count V).  The City moves to dismiss on two grounds.  It argues that the plaintiff failed to make a proper presentment of his claim pursuant to M.G.L. c. 258, § 4, and argues that the complaint fails in any event to state a negligence claim against the City.

## II.     THE PRESENTMENT LETTER

The presentment letter read as follows.[1]

I represent Mr. Shongi Fernandes relative to claim against the City of Boston and both Sgt. Gavin and Officer Delahanty of the Youth Violence Strike Force, as well as unidentified others, of the Boston Police Department, arising out of actions and/or omissions of the Boston Police Department and its agents on December 7, 2012.  These actions and omissions were negligent and/or intentional and violated my client's civil rights.

---

[1] The text of the presentment letter is set out here verbatim.

Mr. Fernandes was brutally assaulted by the above-named officers, and he believes others, after a motor vehicle stop, where the police allege that the vehicle in which Mr. Fernandes was traveling and/or was a passenger was speeding. Mr. Fernandes adamantly denies that the car was going at an excessive rate of speed. Actually, and Mr. Fernandes did not know it at the time, but it turns out that the officers were out investigating "cape-verdean" gangs, and it turns out that Mr. Fernandes is Cape-Verdean, suggesting the stop was pre-textual in nature.

At any rate, Mr. Fernandes was ordered out of the car at gun point, whereupon multiple officers descended upon him, stating "that's the guy", whereupon they proceeded to beat him. Mr. Fernandes' face was pummeled and/or rubbed into the concrete pavement causing severe abrasions and damage, including permanent scarring. He had to be taken to the hospital by ambulance from the scene for his injuries, where he was treated and released. Of particular note is that Mr. Fernandes was never charged with a crime, nor suspected of any criminal activity – just an unfounded conclusion that there may have been a gun in the car due to his national and ethnic background.

This type of excessive force committed by the Boston Police Officers upon the public must cease. Mr. Fernandes has suffered bodily injury and emotional distress as a result of the negligent and intentional tortuous acts committed upon them by the Boston Police Department, in violation of Massachusetts General Laws chapter 12, section 11I and Title 42, United States Code, sections 1981 and 1983. My client demands compensation for the damages caused by the negligent and wrongful acts and omissions of the City of Boston and the Boston Police Department, its officers, agents, and/or employees.

Pursuant to the provisions of the General Laws, chapter 258, section 4, you have six months to accept or deny the claims of my clients before a civil action is filed.

## III.  <u>STANDARD OF REVIEW</u>

A Rule 12(b)(6) motion to dismiss requires the Court to "assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (*citing Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). In order to survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level… on the assumption that all the allegations in the complaint are true (even if doubtful in fact)…." *Id.* at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 556).

Dismissal is appropriate if the plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotations and original alterations omitted). As such, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Cayo v. Fitzpatrick*, 95 F. Supp. 3d 8, 10 (D. Mass. 2015) (quoting *Ocasio–Hernàndez v. Fortuño–Burset,* 640 F.3d 1, 13 (1st Cir. 2011)). In determining whether a complaint crosses the plausibility threshold, 'the reviewing Court [must] draw on its judicial experience and common sense.'" *Garcia-Catalan v. United States*, 734 F.3d 100, 103 (1st Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937)). Where "the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *Morales-Cruz v. Univ. of Puerto Rico*, 676 F.3d 220, 224 (1st Cir. 2012) (quoting *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010)).

## IV.   <u>DISCUSSION</u>

Count V alleges in pertinent part that the City "was negligent by virtue of the actions of itself, [and/or] its agents…" and "trained, supervised and assigned Sgt. Gavin… with such recklessness, gross negligence, and ordinary negligence" as to be liable. Complaint at ¶¶ 47, 49. The City reads this language as alleging two theories of tort liability: (1) liability based on Sgt. Gavin's conduct in stopping and assaulting Fernandes, *i.e.,* his use of excessive force, and (2) liability based on the City's negligent hiring, training, supervision and assigning of Sgt. Gavin.[2]

---

[2] For simplicity, the claim that the City negligently hired, trained, supervised and assigned Sgt. Gavin will be referred to as the negligent hiring claim.

Under the Massachusetts Tort Claims Act (MTCA), a party seeking to bring a negligence tort claim against a public employer must first present the claim in writing to the proper official. M.G.L. c. 258 § 4 ("[a] civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose . . . ").  Strict compliance is required with respect to timeliness and proper delivery but the rule is applied more flexibly in determining whether the presentment adequately identifies the nature of the claim and the legal basis on which liability is alleged.  *Koran v. Weaver,* 482 F. Supp. 2d 165, 169 (D. Mass. 2007).  In that regard, the content of a presentment letter is sufficient if it is "'precise in identifying the legal basis of a plaintiff's claim … [and is not] so obscure that educated public officials … find themselves baffled or misled with respect to [whether] a claim which constitutes a proper subject for suit' is being asserted." *Id.* (quoting *Gilmore v. Com.*, 417 Mass. 718, 723 (1994)).

The City argues that each of the plaintiff's claims fails under the MTCA.  The City argues that the claim of use of excessive force is barred as a matter of law because it alleges an intentional tort and an employer cannot be held liable under the MTCA for an employee's intentional tort. *See* M.G.L. c. 258 § 10(c) (providing that municipalities are immune from suit from liability for any claim arising out of an intentional tort); *Brum v. Town of Dartmouth,* 428 Mass. 684 (1999). With respect to the negligent hiring claim, the City argues that the plaintiff may not proceed on that claim because the presentment letter failed to provide any notice of it.  *See Tambolleo v. Town of West Boylston,* 34 Mass. App. Ct. 526 (1993)  The plaintiff counters that Count V pleads both the intentional and the negligent use of excessive force and thus comes within the scope of the MTCA to the extent it alleges negligence.  The plaintiff argues further that the presentment letter

provided adequate notice of both the excessive force and negligent hiring claims.[3]   The Court addresses each of these in turn.

    1.   The Claim of Negligent Use of Excessive Force

In the Court's view, the presentment letter does provide adequate notice of a claim of negligent use of excessive force against the City.  A public employer may be held vicariously liable for the negligent use of excessive force of one of its employees.  *See* M.G.L. c. 258, § 2 (providing that "[p]ublic employers shall be liable for injury … caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment…"); *see also*, *DeRose v. Officer DiGiovanni*, No. CIV. A. 93-0487, 1996 WL 560647, at *4 (Mass. Super. Sept. 24, 1996).  The presentment letter here states in the first paragraph that counsel represents Fernandes "*relative to [a] claim against the City of Boston…arising out of the acts and/or omissions* of the Boston Police Department *and its agents* on December 7, 2012. *These*

---

[3] The plaintiff initially filed a response formally conceding that she had failed to present a negligent hiring claim, and agreed that Count V should thus be dismissed to the extent it alleged a negligent hiring claim in paragraph 49 of the complaint.  (Dkt. No. 31; Plaintiff's Response and/or Opposition to Dismiss Count V of the Plaintiff's Complaint, pg. 1 ("The Plaintiff makes this concession, based upon the Defendant's Memorandum of Law, which highlights the fact that the Plaintiff never made such a claim in her presentment letter.")).  The plaintiff argued that Count V nevertheless still asserted a valid negligence claim because it alleged in paragraphs 46 and 47 that Sgt. Gavin's alleged use of excessive force could be viewed as negligent conduct for which the City could be held vicariously liable.  The plaintiff argued that, even assuming Sgt. Gavin's conduct might be found to be intentional, she was entitled to plead alternative theories, *i.e.,* she permissibly could allege that Sgt. Gavin's conduct was both intentional or alternatively negligent, and that is what she claimed to have done here.

    Seven months later, however, and ostensibly in the context of responding to an unrelated discovery motion, the plaintiff reconsidered her concession on the negligent hiring claim, and withdrew it, and submitted further legal argument in support of her opposition to the motion to dismiss.  (Dkt. No. 52; Plaintiff's Response to City of Boston Motion to Stay Discovery).  As a result, the plaintiff's position now is that Count V sets out (1) a claim of negligence based on Sgt. Gavin's use of excessive force, and (2) a claim of negligence based on the City's hiring of Sgt. Gavin.

    The plaintiff's decision to litigate the present motion in this way is not encouraged.  Using one motion to take a second bite at a months-old response to another is inefficient and confusing at best, and inevitably gives rise, even if incorrectly, to the appearance of deliberate circumvention of the rules of procedure relating to motions practice. It goes without saying that it would have been most appropriate to seek leave of court to submit a supplemental response to the initial opposition to the motion to dismiss.  Although the Court could in its discretion strike or ignore the supplemental response, the City has not objected to it.  Chiefly for that reason, the Court accepts the plaintiff's supplemental response insofar as it withdraws her prior concession.

*actions and omissions were negligent* and/or intentional." This language can fairly be read to contemplate a claim sounding in negligent tort. Admittedly, though, the letter is not entirely unambiguous on this point. Among other things, the presentment letter purports at the end to identify the specific statutes the defendants have violated. It lists M.G.L. c 12 § 11I, the Massachusetts civil rights statute, and 42 U.S.C. § 1983, the federal civil rights statute, but does not mention section 2 of the MTCA, the applicable section for negligent torts, allowing for the inference that no such action was contemplated. Nonetheless, when viewed in light of the more flexible standard used in evaluating the adequacy of such letters, the Court cannot conclude with certainty that this is a situation where the City may have been "baffled or misled with respect to [whether] a claim which constitutes a proper subject for suit' [wa]s being asserted." *Koran,* 482 F. Supp. 2d at 169.

That does not end the inquiry, however. The City argues that, independent of whether the presentment letter was adequate, the complaint itself fails to allege a claim for negligent use of excessive force. On this point, the Court agrees. Regardless of what was noticed in the presentment letter, the complaint consistently alleges that Sgt. Gavin acted intentionally and violently towards Fernandes and does not ever allege that he acted negligently. The complaint alleges that Fernandes was "assaulted and battered," and characterizes the incident as an "attack." More revealingly, the complaint advances three counts against Sgt. Gavin individually and each alleges that he acted intentionally. Count I, a section 1983 claim for excessive force, alleges that Sgt. Gavin used excessive force, attacked the plaintiff, caused him severe injury, and violated his rights as a result of "the intentional use of excessive force." Count II alleges an assault and battery and similarly describes Sgt. Gavin's conduct as intentional. Finally, Count IV alleges a state civil rights violation and avers that Sgt. Gavin acted by means of "threats, intimidation and coercion,"

and with malice or reckless disregard.  Complaint at ¶¶ 13, 14, 32, 35, 40.  By contrast, none of these claims alleges or ever hints that Sgt. Gavin may have acted negligently rather than intentionally.  Against this backdrop, the excessive force claim in Court V must fail because the plaintiff unquestionably alleges that Sgt. Gavin acted intentionally, not negligently, and she cannot seek to hold the City vicariously liable for an employee's intentional conduct by summarily relabeling it as negligent.  *See e.g., Sheehy v. Town of Plymouth,* 948 F.Supp. 119, 127-28 (D.Mass. 1996) (municipality cannot be held vicariously liable for civil rights violations); M.G.L. c. 258 § 10(c) (municipality cannot be held vicariously liable for employee's intentional torts).

To be sure, the complaint does in two places refer to Sgt. Gavin's conduct as negligent. The introduction to the complaint announces that the lawsuit is in part to recover against the City for the "negligent actions" of Sgt. Gavin, and paragraph 47 alleges that the City was negligent by virtue of its agents.  Complaint at ¶¶ 1, 47.  But these references are just not enough to make out a claim, for at least two reasons.  For one, they are brief and conclusory, and are not clearly linked to any specific alleged conduct so as to give them more heft or focus.  Moreover, and more fundamentally, they simply have no force where the individual charges against Sgt. Gavin eschew any suggestion of negligence and allege only intentional torts.  Consequently, there is no reasonable basis to read Count V as alleging vicarious liability against the City based on Sgt. Garvin's negligent conduct, conduct that is neither identified nor referred to anywhere else in the complaint.  It follows that Count V fails to state a vicarious liability claim against the City for the negligent use of excessive force.

2.  <u>Negligent Hiring Claim</u>

The City argues that the presentment letter failed to provide adequate notice of a negligent hiring claim.  The Court agrees.  The presentment letter is utterly silent on any matter occurring

before December 7, 2012, and nowhere puts the City on notice that the plaintiff might assert a claim against it for negligently hiring, training, supervising or assigning Sgt. Garvin.  There is no need to belabor this issue further.  As the presentment letter fails to raise or mention any negligence by the City for its own conduct in hiring Sgt. Gavin, the plaintiff cannot proceed here on that theory.  *Xian Ming Wu v. City of New Bedford*, No. 12-11648-RWZ, 2013 WL 4858473, at *2 (D. Mass. Sept. 11, 2013) (failure to include claim of negligence in letter precluded proceeding under that theory in complaint).  Even if presentment had been properly made, the negligent hiring claim would still fail where the complaint merely alleges without regard to any specific facts that the City negligently "hired, trained, supervised, and assigned" Sgt. Gavin.  Complaint at ¶ 49.  This type of conclusory statement is not entitled to a presumption of truth at the motion to dismiss stage. *Xian Ming Wu*, 2013 WL at *2. (Court should not "credit conclusory assertions that lack factual enhancement.").  Accordingly, the plaintiff should not be permitted to proceed with a claim against the City for negligent hiring.

V.  <u>CONCLUSION</u>

For the foregoing reasons, Count V fails to state a viable claim and the Court thus recommends that the motion to dismiss Count V be GRANTED.  (Dkt. No. 27).  The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b), will preclude further appellate review of the District Court's order based on this Report and Recommendation.  *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *see also, Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466 (1985).


/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED: February 12, 2016