```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| MARIA MILCENT,<br>personal representative of the<br>estate of Shongi Fernandes<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF BOSTON, and<br>SERGEANT DAVID GAVIN<br><br>    Defendants. | No. 14-cv-13347-GAO |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S FIRST MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (Dkt. No. 92)**

CABELL, U.S.M.J.

**I. BACKGROUND**

This is a civil rights case alleging that certain Boston Police Department (BPD) officers assaulted a passenger in a car during a stop of the vehicle. The alleged victim, Shongi Fernandes, passed away after filing suit and Maria Milcent was substituted as plaintiff as the representative of his estate. The plaintiff had disclosed early in the proceedings that she planned to move to amend the complaint after fact discovery revealed the names of all BPD officers who participated in the

incident involving Mr. Fernandes, and this motion now seeks to effect that goal.

Shortly before the parties completed fact discovery, the plaintiff filed a motion to amend seeking to add two new claims. First, the plaintiff seeks to add a section 1983 claim against Sergeant David Gavin, who is currently the sole defendant in this matter. The original complaint alleges three claims against Sgt. Gavin based upon the use of allegedly excessive force during the stop of the vehicle in which Fernandes was a passenger. The new 1983 claim alleges that the same motor vehicle stop was not supported by reasonable suspicion or probable cause. Second, the plaintiff seeks to add a section 1983 claim for conducting a motor vehicle stop without reasonable suspicion or probable cause against Sergeant Detective Earl Perkins, a new defendant. (Dkt. No. 92).

Sgt. Gavin has opposed the plaintiff's motion to amend on the ground that he has been prejudiced by the plaintiff's undue delay in seeking leave to amend. (Dkt. No. 96).

II.   ANALYSIS

Federal Rule of Civil Procedure 15 provides that leave of court is required where a plaintiff seeks to amend a complaint more than 21 days after "service of a responsive pleading or . . . motion under Rule 12(b), (e), or (f)." FED. R. CIV. P. 15(a). Generally, the Court "should freely give leave [to

2

amend] when justice so requires." *Id*. To determine whether leave to amend should be granted, the Court "examine[s] the totality of the circumstances and [exercises] its informed discretion in constructing a balance of pertinent considerations." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30-31 (1st Cir. 2006).

Undue delay on the part of the movant and undue prejudice to the opposing party if amendment is allowed – the arguments that the defendant advances -- can both be grounds for denying leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The defendant's arguments notwithstanding, the Court does not believe that the plaintiff's motion to amend gives rise to either of those concerns. The plaintiff has made no secret of the fact that she intended to amend the complaint to add new parties at the close of fact discovery. The motion to amend therefore should not have taken the defendant by surprise. Further, the new claims are part and parcel of the entire incident that is at issue in this case and the defendant therefore should have been on notice regarding them, and should not be prejudiced in his defense against them. Indeed, when pressed at oral argument, the defendant could not articulate any specific prejudice that he faced as a result of the timing of the plaintiff's motion to amend. There thus is no basis to deny leave to amend.

**III. CONCLUSION**

Based upon the foregoing and for the reasons discussed at oral argument, it is recommended that the motion to amend be GRANTED.[1]

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED: February 27, 2017

---

[1] The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Secretary of Health and Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *see also Thomas v. Arn*, 474 U.S. 140 (1985).